FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**January 7, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHRISTOPHER BARRON,

    Defendant - Appellant.

No. 23-1254
(D.C. No. 1:21-CR-00078-RBJ-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **CARSON**, and **FEDERICO**, Circuit Judges.[**]
_____

The totality-of-the-circumstances exception to the Fourth Amendment's

warrant requirement permits warrantless searches of parolees without probable cause

or reasonable suspicion when the totality of the circumstances renders the search

reasonable.  Here, Defendant Christopher Barron, a parolee, argues that a search of

the trunk of his car violated his Fourth Amendment rights—largely because the

officer performing the search had no responsibility for supervising parolees.  We

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

disagree. Balancing his reduced expectation of privacy as a parolee against the government's interest in apprehending violators of the criminal law, we conclude that the totality-of-the-circumstances exception applies. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court.

I.

The Colorado Department of Corrections supervised Defendant after it released him on parole. As part of his Parole Agreement, Defendant agreed to establish a residence and live there without moving unless he gave prior notice to his parole officer. The Parole Agreement also allowed a parole officer to visit the residence and search Defendant's person, residence, or vehicle.

Colorado Springs law enforcement officers suspected that Defendant participated in an armed robbery. A man known as "Nightmare" or "Nite Mare" and two accomplices broke into an apartment and stole the occupant's car and Pomeranian dog. Nightmare threatened another person at the apartment with a revolver. Nightmare absconded with the dog. Officers later identified Defendant as Nightmare.

After the robbery, Defendant's parole officer determined that he no longer lived in the place he previously claimed as his residence. But, despite a parole condition requiring Defendant to notify parole officers when he changed places of residence, he failed to do so. The parole officer sought and received a warrant for Defendant's arrest for changing his residence of record without giving notice—a violation of his Parole Agreement. The Chairman of the State Board of Parole issued

2

an arrest warrant. This warrant led to the issuance of a search warrant for Defendant's cell phone records, which indicated he resided at the Best Inn Motel. Parole Officer Brook Hathaway drove to the Best Inn Motel, where he saw Defendant exit his room and place a backpack in the trunk of a white Lincoln Town Car parked in front of the room. Defendant exited and entered his room a few more times and climbed into a black Nissan Maxima near his room. State records confirmed that both cars belonged to Defendant. Hathaway contacted Colorado Springs law enforcement and requested assistance arresting Defendant.

After authorities arrested Defendant, Hathaway searched Defendant and his hotel room, where he found a gun, a rifle case, and the stolen Pomeranian dog. While Hathaway searched the room, Parole Officer Rohan Ellis searched the white Lincoln Town Car. Ellis checked the backpack in the trunk. The backpack contained firearms. Ellis stopped searching because department policy required parole officers to defer to police for further searching if they see evidence of a crime in a search. Colorado Springs Police Department Detective Jackson Andrews obtained a warrant to search the car. Officers found four firearms, methamphetamine, cocaine, heroin, Xanax, ammunition, drug paraphernalia, currency, and a safe. One of the robbery victims later identified Defendant from a Facebook photo as the man who pointed the gun at him.

The government charged Defendant with one count of possessing a firearm as a felon, three counts of possessing controlled substances with the intent to distribute, and one count of possessing a firearm in furtherance of a drug trafficking crime. A

superseding indictment added another count of possessing controlled substances with the intent to distribute. Defendant moved to suppress the evidence found from the search of the hotel room and the Lincoln. The district court suppressed the evidence discovered in the hotel room. But the district court denied the motion to suppress the evidence found in the Lincoln, concluding that it was a constitutionally permissible "parole search." A jury found Defendant guilty of all counts. The district court sentenced him to 288 months' imprisonment.

II.

On appeal, Defendant challenges the district court's decision to deny his motion to suppress the Lincoln Town Car search. In doing so, Defendant differentiates between Officer Ellis's search that revealed two guns and the later, more comprehensive search that revealed four firearms, methamphetamine, cocaine, heroin, Xanax, ammunition, drug paraphernalia, currency, and a safe. The government agrees with Defendant that the first and second searches of the Lincoln face different constitutional considerations. Defendant also does not challenge the district court's factual findings. Rather, he argues that the district court erred in concluding that a warrant exception applied to the Lincoln search.

When reviewing the denial of a motion to suppress, we look at the totality of the circumstances. United States v. Canada, 76 F.4th 1304, 1307 (10th Cir. 2023) (citing United States v. Dennison, 410 F.3d 1203, 1207 (10th Cir. 2005)). We "view the evidence in the light most favorable to the government, accept the district court's finding of fact unless clearly erroneous, and review de novo the ultimate

4

determination of reasonableness under the Fourth Amendment." Id. (citing United States v. Windom, 863 F.3d 1322, 1326 (10th Cir. 2017)). We also "defer to the ability of a trained law enforcement officer to distinguish between innocent and suspicious actions." Id. (citing Dennison, 410 F.3d at 1207).

Because two different officers searched the Lincoln at two different times, we analyze them as two searches. We first address Officer Ellis's search before turning to the Colorado Springs Police Department's search.

A.

The Fourth Amendment protects against unreasonable searches of "persons, houses, papers, and effects." U.S. Const. amend. IV. The Fourteenth Amendment's Due Process Clause incorporates the Fourth Amendment, and it thus applies to the States. Mapp v. Ohio, 367 U.S. 643, 650 (1961). And the Fourth Amendment protects a car as an "effect." Canada, 76 F.4th at 1307 (citing Byrd v. United States, 584 U.S. 395, 403 (2018)). The touchstone of the Fourth Amendment is reasonableness. United States v. Pacheco, 884 F.3d 1031, 1041 (10th Cir. 2018) (citing Brigham City v. Stuart, 547 U.S. 398, 403 (2006)). Reasonableness usually requires that law enforcement obtain a warrant before a search. Id. (citing Vernonia Sch. Dist. 47J v. Acton, 515 U.S. 646, 653 (1995)). So, without a warrant, searches are reasonable only if they fall within a specific exception to the warrant requirement. Id. at 1041–42 (citing Riley v. California, 573 U.S. 373, 382 (2014)).

When authorities seek to search a probationer or parolee, the Supreme Court has identified two exceptions to the warrant and probable cause requirements: "(1) a

5

special-needs exception and (2) a totality-of-the-circumstances exception." Pacheco, 884 F.3d at 1039 (quoting United States v. Warren, 566 F.3d 1211, 1215 (10th Cir. 2009)). The first exception applies when "special needs, beyond the normal need for law enforcement make the warrant and probable-cause requirement impracticable." Id. (quoting Griffin v. Wisconsin, 483 U.S. 868, 873 (1987)). For a parolee, "[s]upervision . . . is a 'special need' of the State . . . [that makes a] warrant requirement impracticable and justif[ies] replacement of the standard of probable cause by 'reasonable grounds.'" Id. (quoting Griffin, 483 U.S. at 873). The special-needs exception does not extend to non-correctional officers unless acting under the direction of a parole officer. Pacheco, 884 F.3d at 1039 (citing United States v. Freeman, 479 F.3d 743, 748 (10th Cir. 2018)) (emphasis omitted).

Defendant admits that he had a valid parole agreement with the State of Colorado which allowed parole officer Ellis to search his vehicle. Thus, up to the point that parole officer Ellis turned the investigation over to the Colorado Springs Police Department, the search fell under the special-needs exception to the Fourth Amendment. We, therefore, affirm the district court's conclusion as to the first search of the Lincoln.

B.

But when Officer Ellis ended his search, left, and turned the investigation over to Colorado Springs law enforcement officers, the special-needs exception no longer applied. So we must determine whether the totality-of-the-circumstances exception applies to the second search of the trunk by a Colorado Springs law enforcement

6

officer. This exception "authorizes warrantless searches without probable cause (or even reasonable suspicion) by police officers with no responsibility for parolees or probationers when the totality of the circumstances renders the search reasonable." Warren, 566 F.3d at 1216 (citing Samson v. California, 547 U.S. 843 (2006)). This exception relies on "(1) the reduced (or absent) expectation of privacy that the Court would recognize for probationers and parolees and (2) the needs of law enforcement." Id. The Supreme Court has weighed a probationer's interests against society's in analyzing the search's legality and concluded that a probationer has a significantly diminished reasonable expectation of privacy because he has authorized searches by both probation and police officers as a condition of probation. Id. And the state has a significant interest in apprehending violators of the criminal law. Id. Indeed, the state has a particularly great interest in probationers because a probationer is more likely than the ordinary citizen to violate the law and that a probationer's fragile right to liberty creates incentives for that person to conceal his or her criminal activities and quickly dispose of incriminating evidence. Id.

Although the district court did not analyze the totality-of-the-circumstances exception, we may affirm on any grounds the record supports. United States v. White, 326 F.3d 1135, 1138 (10th Cir. 2003) (citing Ruiz v. McDonnell, 299 F.3d 1173, 1182 (10th Cir. 2002)). And here, not only does the record support affirming on this ground, but both parties briefed and argued the applicability of the totality-of-the-circumstances exception. In his opening brief, Defendant contends that the totality-of-the-circumstances exception requires showing reasonable suspicion to

support the search and that the exception does not apply.  The government, on the other hand, asserts that the second search of the Lincoln was constitutional under the exception.  We agree with the government.

The Supreme Court in <u>Samson</u> upheld a warrantless search of a California parolee by a law enforcement officer who lacked even reasonable suspicion.  <u>Samson</u>, 547 U.S. at 846.  Defendant had a diminished expectation of privacy because his parole agreement authorized law enforcement to search his vehicle without cause.  The government has a significant interest in apprehending lawbreakers.  Here, law enforcement officers knew that Defendant was a felon and that he placed a backpack in the Lincoln's trunk.  They also knew that the state registered the Lincoln to Defendant and that Officer Ellis found two guns inside the backpack in the trunk.[1]  The officers therefore had probable cause to search the Lincoln for the guns that Defendant illegally possessed.  Moreover, law enforcement officers had reasonable suspicion that Defendant committed armed robbery.  One of the victims identified Defendant as the robber who pointed a gun at him by looking at a photograph.  Officers also knew that Defendant had a black car registered to him in the motel parking lot and that the backpack in the Lincoln contained two firearms.

---

[1] Defendant argues on appeal that Detective Andrews may have had information about the robbery but that he had no information about the Lincoln.  But that assertion lacks support in the record.  Defendant wrote in his motion to suppress that Detective Andrews pointed to the Lincoln prior to obtaining a warrant and said "that white car belongs to him and has the backpack that has more guns in it."  The district court made the factual finding that Detective Andrews told another officer that Defendant's Lincoln had a backpack with guns in it.

When we balance Defendant's reduced expectation of privacy given his parole agreement against the government's side of the scale that it had probable cause to believe Defendant reengaged in criminal wrongdoing while on parole, the totality of the circumstances surrounding the search render the second search of the Lincoln reasonable under the Fourth Amendment in the parole context.[2]  Pacheco, 884 F.3d at 1041.

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge

---

[2] Defendant argues that the warrant does not salvage Detective Andrews's search.  Because the totality-of-the-circumstances exception to the warrant requirement applies, Detective Andrews did not need to obtain a warrant to search the Lincoln's trunk.  Moreover, because the totality-of-the circumstances exception applies, we need not reach the government's argument that the automobile exception to the warrant requirement applies.